UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

FILED
JUL 3 0 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

STEVEN R. GARFINKEL AND MICHAEL O'HANLON

Defendants.

C.A. No. 09-2851

**FINAL JUDGMENT AS TO DEFENDANT STEVEN R. GARFINKEL**

The Securities and Exchange Commission having filed a Complaint and Defendant Steven R. Garfinkel, having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2 thereunder [17 C.F.R. § 240.13b2-1 and § 240.13b2-2], by

 (a) knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account required to be maintained by the federal securities laws;

 (b) directly or indirectly falsifying or causing to be falsified any book, record or account required to be maintained under the federal securities laws;

 (c) making or causing to be made a materially false or misleading statement to an accountant, in connection with (i) any audit, review or examination of a financial

statement of an issuer required to be made under the federal securities laws; or (ii) the preparation or filing of any report or document required to be made or to be filed with the Commission;

(d) omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which statements were made, not misleading, to an accountant, in connection with (i) any audit, review, or examination of a financial statement of an issuer required to be made under the federal securities laws; or (ii) the preparation or filing of any report or document required to be made or to be filed with the Commission; and

(e) directly or indirectly taking any action to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of any audit or review of any financial statement of an issuer that is required to be filed with the Commission or otherwise, if such action could result in rendering the financial statement material misleading.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule 13a-14 [17 C.F.R. § 240.13a-14] of the Exchange Act by filing false certification of any annual or quarterly report filed with the Commission.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a) and 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A)] and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] by knowingly providing substantial assistance to an issuer that violates the federal securities laws which require it: to file with the Commission accurate periodic reports, to maintain accurate books and records, and to devise and maintain a sufficient system of internal accounting controls.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to ection 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: July 30, 2009

_____
UNITED STATES DISTRICT JUDGE